IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BHRAHMANI 1 LLC d/b/a MORE 4 LE$$ #2** | * * * | **CIVIL ACTION NO.: 2:21-cv-02562** |
| | * | **JUDGE** |
| **VERSUS** | * * | |
| | * | **MAGISTRATE JUDGE** |
| **AmGUARD INSURANCE COMPANY** | * * | **JURY DEMAND** |

*********************************************************************

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes complainant, Bhrahmani 1 LLC d/b/a More 4 Le$$ #2 (hereinafter "Complainant"), and files its Complaint for Damages against defendant, AmGUARD Insurance Company (hereinafter "AmGUARD"), respectfully averring as follows:

### I. PARTIES

1. Made Plaintiff herein is **BHRAHMANI 1 LLC d/b/a MORE 4 LE$$ #2**, a limited liability company organized under the laws of Louisiana and domiciled in the State of Louisiana and in the Parish of Calcasieu, Louisiana.

2. Made Defendant herein is **AmGUARD Insurance Company**, an insurer domiciled in the State of Pennsylvania who is authorized to do and is doing business in the State of Louisiana and the Parish of Calcasieu, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, Louisiana, 70809.

## II.  JURISDICTION AND VENUE

3. Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

4. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Complainant resides in this District and the property that is subject to the dispute between Complainant and AmGUARD is located in this District.

## III.  RELEVANT FACTS

5. At all times relevant hereto, Complainant owned the property located at 1310 N Martin Luther King Hwy., Lake Charles, Louisiana 70601-2051 (the "Property");

6. At all times relevant hereto, AmGUARD provided a policy of insurance, number BHBP088505 (the "Policy"), to Complainant, which covered the Property against perils including hurricanes and provided the following coverages: $2,500 for awnings coverage; $946,400 for building coverage; $230,000 for business personal property coverage; $10,000 for debris removal; $10,000 for ordinance and law; *inter alia*.

7. On or around August 27, 2020, Hurricane Laura struck Lake Charles, Louisiana, causing severe damage to homes and businesses throughout the area, including Complainant's Property.

8. Complainant promptly reported the loss to AmGUARD, who assigned it claim number BHBP088505-001-001-001 (the "Laura Claim").

9. As soon as practicable, Complainant took steps to mitigate the damages to its Property at its expense to the best of its ability under the circumstances.

10. Complainant was unable to make meaningful repairs to the Property without receiving adequate insurance proceeds from AmGUARD.

11. As a result, Complainant could not operate as a business and suffered a substantial loss of revenue/income.

12. On or about September 8, 2020, AmGUARD dispatched an adjuster to the Property, and he documented $21,430.20 RCV ($16,280.09 ACV) in damages to the building, $9,016.39 RCV ($5,720.90 ACV) to other structures, but after over-depreciating the loss and applying the Policy's deductible, the adjuster allowed Complainant only $22,000.99 for its substantial and covered losses.

13. AmGUARD's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

14. Complainant was unable to make meaningful repairs to the Property with the meager proceeds allowed by AmGUARD.

15. Complainant was forced to incur the expense of retaining counsel and other expenses to prosecute its claim.

16. On or about November 11, 2020, Mario Barrilleaux of Complete Adjusting Services, LLC ("CAS") inspected the Property on behalf of Complainant and created an estimate of damages documenting $698,979.90 RCV in damages to the dwelling, $113,352.28 RCV in damages to other structures, and $30,796.62 RCV in damages related to Complainant's personal property—specifically related to contents cleaning, manipulation, *etc*,

17. On or around November 20, 2020, a demand for the release of unconditional tenders was sent to AmGUARD, along with the CAS estimate and photographs, totaling $843,128.80.

18. This submission constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

19. The proceeds tendered by AmGUARD have been wholly inadequate.

20. As a result of AmGUARD's failure to timely and adequately compensate Complainant for its substantial losses, the Property remains in a state of disrepair.

21. Upon information and belief, AmGUARD's failure to timely and adequately compensate Complainant for its loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

22. Upon information and belief, AmGUARD purposely and/or negligently misrepresented to Complainant the terms and conditions of the Policy.

23. Upon information and belief, AmGUARD conducted the investigation and claims handling for Complainant's claim in bad faith, as that term is term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

24. Upon information and belief, AmGUARD manipulated its pricing software to artificially suppress the cost of repairs below market value.

25. Complaint has incurred or will incur a substantial loss of revenue/income as a result of the damages caused to its Property by Hurricane Laura, including the loss revenue/income that will be incurred during the repair of the Property.

### III. CAUSES OF ACTION

### A. Breach of the Insurance Contract

26. Complainant realleges and re-avers the allegations contained in paragraphs 1-25, above, as if restated herein.

27. An insurance contract, the Policy, exists between Complainant and AmGUARD.

28. The Policy provides coverages for perils including hurricanes.

29. Despite having received satisfactory proof of loss for damages caused by Hurricane Laura, AmGUARD failed to timely tender adequate insurance proceeds as required by the Policy.

30. By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of AmGUARD's inspection, AmGUARD breached the Policy.

31. By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of the CAS estimate and photographs, AmGUARD breached the Policy.

32. By purposely and/or negligently misrepresenting to Complainant the terms and conditions of the Policy, AmGUARD breached the Policy.

33. By failing to conduct the claims handling for Complainant's Laura Claim in good faith and with fair dealing, AmGUARD breached the Policy.

34. By manipulating its pricing software to artificially suppress the cost of repairs below market value, AmGUARD breached the Policy.

35. Complainant has suffered and continues to suffer damages as a result of these breaches of the Policy.

## B. Bad Faith

36. Complainant realleges and re-avers the allegations contained in Paragraphs 1-35, above, as if restated herein.

37. The actions and/or inactions of AmGUARD in failing to timely and adequately compensate Complainant for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making AmGUARD liable for statutory bad faith penalties.

38. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

39. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

40. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

41. AmGUARD is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainant adequate payment in connection with its Laura Claim, despite having received satisfactory proof of loss following its own inspections of the Property and following its receipt of independent proofs of loss from CAS.

42. AmGUARD's misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

43. AmGUARD's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

44. AmGUARD's failure to pay timely for damages it knew, or should have known, existed at the time it received the CAS estimate and photographs was in bad faith.

45. AmGUARD's manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

46. AmGUARD's handling of Complainant's Laura Claim was in bad faith.

## IV. DAMAGES

47. Complainant realleges and re-avers the allegations contained in Paragraphs 1-46, above, as if restated herein.

48. As a result of AmGUARD's breaches of contract, bad faith claims adjusting, and other bad acts, Complainant has incurred the following, non-exclusive damages:

    a. Diminution of the value of the Property;

    b. Actual repair costs;

    c. Reimbursement for personal repairs at the Property;

    d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

    e. Additional living expenses;

    f. Mental anguish;

    g. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

    h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

## JURY DEMAND

49. Complainant requests a trial by jury.

**WHEREFORE,** Complainant, Bhrahmani 1 LLC d/b/a More 4 Le$$ #2, prays that, Defendant, AmGUARD Insurance Company, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainant, Bhrahmani 1 LLC d/b/a More 4 Le$$ #2, and against Defendant, AmGUARD Insurance Company, in an amount that will fully and fairly compensate Complainant pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

[signature block and service instructions on following page]

**RESPECTFULLY SUBMITTED:**

_/s/ Mary K. Taliancich_
Galen M. Hair, La. Bar. No. 32865
Mary K. Taliancich, La. Bar No. 39357
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S. I-10 Service Rd., W, Ste. 300
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351
hair@hairshunnarah.com
mary@insuranceclaimhq.com

**PLEASE SERVE:**

**AmGUARD Insurance Company**
*Through its Registered Agent of Service of Process:*
Louisiana Secretary of State
8585 Archives Ave.,
Baton Rouge, Louisiana 70809