UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BHRAHMANI 1 LLC** | **CASE NO. 2:21-CV-02562** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMGUARD INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is Defendant's Motion for Partial Summary Judgment (Doc. 25), wherein AmGUARD Insurance Company ("AmGUARD") moves to dismiss Plaintiff's claims for bad faith under Louisiana Revised Statute sections 22:1892 and 22:1973. Plaintiff opposes the motion. Doc. 38. AmGUARD has replied. Doc. 40. Plaintiff has sur-replied. Doc. 43.

### I. BACKGROUND

This diversity action arises from insurance coverage dispute that stems from damages caused by Hurricane Laura to Plaintiff's property located at 1310 N Martin Luther King Hwy., Lake Charles, Louisiana 70601-2051 ("Property") on August 27, 2020. Doc. 1, p. 2. The Property was built around 1979 and was converted from an auto parts store in 2011. Doc. 38-1, p. 1. Plaintiff purchased the Property in 2015. *Id.* AmGUARD provided a policy of insurance, number BHBP088505 ("Policy"), to Plaintiff, which covered the Property against perils including hurricanes and provided the following coverages: $2,500 for awnings coverage; $946,400 for building coverage; $230,000 for business personal property coverage; $10,000 for debris removal; $15,000 for fungi, wet rot, dry rot; $10,000

for ordinance and law.[1] Doc. 1, p. 2; doc. 38-1, p. 2. On August 31, 2020, Plaintiff reported the loss to AmGUARD, who assigned it claim number BHBP088505-001-001-001. Doc. 38-1, p. 2. On September 1, 2020, AmGUARD retained an independent third-party adjuster, Engle Martin & Associates. Doc. 38-1, p. 3–4. On September 8, 2020, Engle Martin & Associates inspected the Property. *Id.* at 3; doc. 14, p. 5. On November 11, 2020, Plaintiff retained Complete Adjusting Services, LLC ("CAS"), which inspected the Property. Doc. 1., p. 3. CAS included estimates for items that Engle Martin did not observe to be damaged or did not find necessary, such as replacement of the entire roof, windows, glass front door, fluorescent lights, and vinyl floor tiles. Doc. 38-1, p. 9. On November 20, 2020, Plaintiff sent a demand letter to AmGUARD to release unconditional tenders. Doc. 1, p. 4; doc. 14, p. 6. On August 8, 2021, Plaintiff filed suit in this Court alleging claims for damages under breach of insurance contract, bad faith claims adjusting, and other bad acts, including penalties, under Louisiana Revised Statutes sections 22:1892 and 22:1973. Doc. 1., p 6–7. Trial is set for May 22, 2023, at 9 a.m. *Id.*

## II. LEGAL STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

---

[1] AmGUARD does not deny this coverage.

The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted). The Court is not required to search the record for material fact issues. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III. LAW & ANALYSIS

Here, AmGUARD argues that it cannot be held in bad faith because Plaintiff's public adjuster estimate by Complete Adjusting Service, LLC ("CAS") does not constitute "satisfactory proof of loss." AmGUARD contends that it was not fully apprised of any

actual covered cause of loss by the CAS estimate. Doc. 25-2, p. 16. The Plaintiff counters that AmGUARD's initial inspection performed on September 8, 2020, constituted a "satisfactory proof of loss" and that AmGUARD's of only payment of $12,556.99 is dated December 15, 2020, which is ninety-eight (98) days following AmGUARD's initial receipt of "satisfactory proof of loss." Doc. 38, p. 5.

Louisiana Revised Statutes section 22:1892 subjects an insurer to the mandatory imposition of penalties and attorney fees when it is arbitrary and capricious in failing to tender the undisputed amount or make a written offer to settle a claim within thirty days of receipt of "satisfactory proof of loss." Specifically, Section 22:1892 provides for penalties in an amount up to fifty percent of "the amount found to be due from the insurer to the insured[.]" To prevail under Section 22:1892, a claimant must establish the following: (1) that the insurer received satisfactory proof of loss; (2) failed to pay the claim within the applicable statutory period or failed to make a written offer to settle the claim; and (3) that the failure to timely tender a reasonable amount was arbitrary, capricious, or without probable cause. *Bourg v. Safeway Insurance Company of Louisiana*, 300 So. 3d 881, 891, (La. Ct. App. 1st Cir. 2020).

Proof of loss is "that point in time when the insurer has adequate knowledge of the loss." *Cotton Bros. Banking Co. v. Indus. Risk Insurers*, 941 F.2d 380, 386 (5th Cir.1991) (citing *Hart v. Allstate Ins. Co.,* 437 So.2d 823 (La.1983). Furthermore, "'proof of loss' is a flexible requirement to advise the insurer of the facts of the claim." *Austin v. Parker,* 672 F.2d 508, 520 (5th Cir.1982). Additionally, the "proof of loss is not required to be in any formal style." *Sevier v. U.S. Fid. & Guar. Co.*, 497 So. 2d 1380, 1384 (La. 1986). In other

words, "[s]o long as [the insurer] receives enough information, the manner in which [the insurer] obtains the information is immaterial." *Austin,* 672 F.2d at 520.

The nonmovant Plaintiff has presented the Court with Engle Martin & Associates Document titled "First Report" and dated September 9, 2020, which recommended an advance payment to Plaintiff of $25,000. Doc. 38-4, p. 1, 3. This September 9 Report is the point in time that AmGUARD had adequate knowledge of the loss. *See Cotton Bros.*, 941 F.2d at 386. On September 23, in a subsequent report, Engle Martin recommended AmGUARD tender payment of $12,536.99. Doc. 25-4, p. 2. AmGUARD admits Plaintiff's public adjuster, CAS, created a repair estimate of $843,128.80 and this estimate was provided to AmGUARD on or about November 20, 2020. Doc. 1, p. 4; doc 14, p. 6. Plaintiff has also produced an email proving that payment of $12,556.99 was issued on December 15, 2020. Doc. 38-5, p. 1. Section 1892 provides Plaintiff with a cause of action for penalties and attorney fees if payment is untimely and failure to pay was arbitrary and capricious. The Court finds the evidence that Plaintiff has pointed to in response to AmGUARD's motion creates a genuine issue of material fact. Thus, AmGUARD's Motion for Summary Judgment as to Plaintiff's Section 22:1892 claims will be denied.

The Policy includes coverage for "Property you own that is used in your business." Doc. 25-18, p. 6. The Policy also includes "Spoilage loss" in an example set out in the Deductible Endorsement. *Id.* at 96. Any damages that Plaintiff alleges as a result of AmGUARD's misrepresentation would be a loss sustained under the coverage. In its Memorandum in Opposition, Plaintiff does not claim any damages outside of the failure to pay under the policy. Though Plaintiff's Complaint alleges mental anguish damages, doc.

1., p. 7, Plaintiff, a limited liability company, doc. 1., p.1, is a juridical person who cannot sustain mental damages that would otherwise be available to a natural person under Section 22:1973. *Cf. Simple Enterprises, Inc. v. Texas Prop., LLC*, 2017-222 (La. Ct. App. 3d Cir. 12/28/17) (holding that a corporation by its very nature cannot suffer real mental injury because a corporation is a juridical person as opposed to a natural one). Plaintiff's claim pursuant to Louisiana Revised Statutes section 22:1973 must be denied and Defendants motion for summary judgment in that regard is granted.

### IV. CONCLUSION

For the aforesaid reasons,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment (Doc. 25) be **GRANTED IN PART** as to the Section 22:1973 claims and **DENIED IN PART** as to Plaintiff's claims pursuant to Louisiana Revised Statutes section 22:1892.

**THUS DONE AND SIGNED** in Chambers on this 14th day of April 2023.

*[signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**