UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BHRAHMANI 1 LLC** | **CASE NO. 2:21-CV-02562** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMGUARD INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

MEMORANDUM RULING

Before the Court is Plaintiff's Motion for Partial Summary Judgment (Doc. 26), wherein Bhrahmani 1 LLC d/b/a MORE 4 LE$$ #2 moves the Court to rule in its favor against Defendant AmGUARD Insurance Company ("AmGUARD") on five issues of law and fact. Defendant opposes the motion. Doc. 39. The motion is ripe.

### I. BACKGROUND

This diversity action arises from insurance coverage dispute that stems from damages caused by Hurricane Laura to Plaintiff's property located at 1310 N Martin Luther King Hwy., Lake Charles, Louisiana 70601-2051 ("Property") on August 27, 2020. Doc. 1, p. 2. The Property was built around 1979 and was converted from an auto parts store in 2011. Doc. 38-1, p. 1. Plaintiff purchased the Property in 2015. *Id.* AmGUARD provided a policy of insurance, number BHBP088505 ("Policy"), to Plaintiff, which covered the Property against perils including hurricanes and provided the following coverages: $2,500 for awnings coverage; $946,400 for building coverage; $230,000 for business personal property coverage; $10,000 for debris removal; $15,000 for fungi, wet rot, dry rot; $10,000

for ordinance and law.[1] Doc. 1, p. 2; doc. 38-1, p. 2. On August 31, 2020, Plaintiff reported the loss to AmGUARD, who assigned it claim number BHBP088505-001-001-001. Doc. 38-1, p. 2. On September 1, 2020, AmGUARD retained an independent third-party adjuster, Engle Martin & Associates. Doc. 38-1, p. 3–4. On September 8, 2020, Engle Martin inspected the Property. *Id.* at 3; doc. 14, p. 5. On November 11, 2020, Plaintiff retained Complete Adjusting Services, LLC ("CAS"), which inspected the Property. Doc. 1., p. 3. CAS included estimates for items that Engle Martin did not observe to be damaged or did not find necessary, such as replacement of the entire roof, windows, glass front door, fluorescent lights, and vinyl floor tiles. Doc. 38-1, p. 9. On November 20, 2020, Plaintiff sent a demand letter to AmGUARD to release unconditional tenders. Doc. 1, p. 4; doc. 14, p. 6. On August 8, 2021, Plaintiff filed suit in this Court alleging claims for damages under breach of insurance contract, bad faith claims adjusting, and other bad acts, including penalties, under Louisiana Revised Statutes sections 22:1892 and 22:1973. Doc. 1, p 6–7. Trial is set for May 22, 2023, at 9 a.m. *Id.*

## II.  LEGAL STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

---

[1] AmGUARD does not deny this coverage.

The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted). The Court is not required to search the record for material fact issues. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III. LAW & ANALYSIS

To prevail under Section 22:1892, a claimant must establish the following: (1) that the insurer received satisfactory proof of loss; (2) failed to pay the claim within the applicable statutory period or failed to make a written offer to settle the claim; and (3) that

the failure to timely tender a reasonable amount was arbitrary, capricious, or without probable cause. *Bourg v. Safeway Insurance Company of Louisiana*, 300 So. 3d 881, 891, (La. Ct. App. 1st Cir. 2020).

First, Plaintiff moves the Court to rule that AmGUARD has a duty to pay claims timely to Plaintiff. Doc. 26-1, p. 1. AmGUARD does not directly respond to this request. Whether Plaintiff was owed a duty by AmGUARD under the specific facts and circumstances of this case will be determined at trial. Thus, this part of the motion is denied.

Next, Plaintiff argues that AmGUARD Insurance Company's September 8, 2020 inspection provided AmGUARD with sufficient information to act on the claim and, as such, constituted "satisfactory proof of loss." *Id.* AmGUARD contends that neither the September 8, 2020 inspection nor the initial inspection report constitute "satisfactory proof of loss." Doc. 39, p. 13–14. Proof of loss is "that point in time when the insurer has adequate knowledge of the loss." *Cotton Bros. Banking Co. v. Indus. Risk Insurers*, 941 F.2d 380, 386 (5th Cir.1991) (citing *Hart v. Allstate Ins. Co.,* 437 So.2d 823 (La.1983). Furthermore, "'proof of loss' is a flexible requirement to advise the insurer of the facts of the claim." *Austin v. Parker,* 672 F.2d 508, 520 (5th Cir.1982). Additionally, the "proof of loss is not required to be in any formal style." *Sevier v. U.S. Fid. & Guar. Co.*, 497 So. 2d 1380, 1384 (La. 1986). In other words, "[s]o long as [the insurer] receives enough information, the manner in which [the insurer] obtains the information is immaterial." *Austin,* 672 F.2d at 520. Whether the September 8 inspection constitutes "satisfactory proof of loss" is a matter to be determined by the fact finder after weighing the competing evidence. Thus, this part of the motion is denied.

Next, Plaintiff moves the Court to declare that "AmGUARD Insurance Company shall pay the amount of any claim due any insured within thirty (30) days or sixty (60) days after receipt of satisfactory proofs of loss." Doc. 26-1, p. 2. The Court will deny this part of the motion because AmGUARD disputes the sufficiency of "satisfactory proof of loss," doc. 39., p. 17, and Plaintiff's ruling sought involves a determination of "amount of any claim due," also a disputed material fact, *id.* at 25–26.

Next, Plaintiff requests judgment that AmGUARD is arbitrary and capricious for failing to pay after receiving the satisfactory proof of loss. Doc. 26-1, p. 2. AmGUARD counters that Plaintiff cannot show it acted arbitrarily and capriciously. Doc. 39, p. 17. Furthermore, AmGUARD has presented testimony from its corporate representative, doc. 26-4 at 119:2-14; 165:8-14; 179:21-180:14, that supports its good faith reasons for failure to timely tender the demanded amount. Doc. 39, p. 23–24. Therefore, a genuine issue of material fact remains. Accordingly, this part of the motion will be denied.

Lastly, Plaintiff requests judgment that AmGUARD breached its duty of good faith under Section 1973. This part of the motion is mooted by the Court's April 14 Judgment (Doc. 45), which dismissed Plaintiff's Section 1973 claims.

## IV. CONCLUSION

For the aforesaid reasons, Plaintiff's Motion for Partial Summary Judgment (Doc. 26) will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 18th day of April 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**