UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BHRAHMANI 1 LLC**          **CASE NO. 2:21-CV-02562**

**VERSUS**          **JUDGE JAMES D. CAIN, JR.**

**AMGUARD INSURANCE CO**          **MAGISTRATE JUDGE KAY**

## MEMORANDUM ORDER

Before the Court is AmGUARD's Motion in Limine (Doc. 52), wherein it moves the Court to exclude certain evidence from trial. Plaintiff Bhrahmani 1 LLC d/b/a More 4 Le$$ #2 opposes the motion. Doc. 59. AmGUARD has replied. Doc. 69.

### I. BACKGROUND

This diversity action arises from insurance coverage dispute that stems from damages caused by Hurricane Laura to Plaintiff's property located at 1310 N Martin Luther King Hwy., Lake Charles, Louisiana 70601-2051 ("Property") on August 27, 2020. Doc. 1, p. 2. The Property was built around 1979 and was converted from an auto parts store in 2011. Doc. 38-1, p. 1. Plaintiff purchased the Property in 2015. *Id.* AmGUARD provided a policy of insurance, number BHBP088505 ("Policy"), to Plaintiff, which covered the Property against perils including hurricanes and provided the following coverages: $2,500 for awnings coverage; $946,400 for building coverage; $230,000 for business personal property coverage; $10,000 for debris removal; $15,000 for fungi, wet rot, dry rot; $10,000 for ordinance and law.[1] Doc. 1, p. 2; doc. 38-1, p. 2. On August 31, 2020, Plaintiff reported

---

[1] AmGUARD does not deny this coverage.

the loss to AmGUARD, who assigned it claim number BHBP088505-001-001-001. Doc. 38-1, p. 2. On September 1, 2020, AmGUARD retained an independent third-party adjuster, Engle Martin & Associates. Doc. 38-1, p. 3–4. On September 8, 2020, Engle Martin inspected the Property. *Id.* at 3; doc. 14, p. 5. On November 11, 2020, Plaintiff retained Complete Adjusting Services, LLC ("CAS"), which inspected the Property. Doc. 1, p. 3. CAS included estimates for items that Engle Martin did not observe to be damaged or did not find necessary, such as replacement of the entire roof, windows, glass front door, fluorescent lights, and vinyl floor tiles. Doc. 38-1, p. 9. On November 20, 2020, Plaintiff sent a demand letter to AmGUARD to release unconditional tenders. Doc. 1, p. 4; doc. 14, p. 6. On August 8, 2021, Plaintiff filed suit in this Court alleging claims for damages under breach of insurance contract, bad faith claims adjusting, and other bad acts, including penalties, under Louisiana Revised Statutes sections 22:1892 and 22:1973. Doc. 1, p 6–7. Trial is set for May 22, 2023, at 9 a.m. *Id.*

## II. LAW & ANALYSIS

Federal Rule of Evidence 402 provides that irrelevant evidence is always inadmissible, but all relevant evidence is admissible unless the Constitution, federal statute, Federal Rules of Evidence, state law privilege if applicable, or the Court's discretion under Rule 403 provide otherwise. Under Rule 403, a court has broad discretion to exclude relevant evidence if its probative value is outweighed substantially by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence.

Here, AmGUARD's various requests to exclude evidence are taken in turn.

**A. Any suggestion or argument by Plaintiff Bhrahmani 1 LLC d/b/a More 4 Le$$ #2 that AmGUARD obstructed the calculation of Plaintiff's lost business income claim**

Here, AmGUARD argues that Plaintiff has failed to produce any documentation that would credibly support the calculation of its lost profits. Doc. 52-1, p. 9. Thus, AmGUARD asks the Court to prevent Plaintiff from blaming it for its inability to prove its lost profits, that is, by arguing that AmGUARD obstructed it from calculating its lost profits. *Id.* Plaintiff counters that AmGUARD has, and continues, to obstruct its calculation of its business income losses claim. Plaintiff's memorandum in support, however, offers no evidence to support its conclusion that AmGUARD obstructed its calculation of business income losses. Furthermore, Plaintiff is the custodian of its financial records; therefore, it strains the imagination to see how AmGUARD could prevent Plaintiff from performing basic financial calculations. This part of the motion is granted; Plaintiff is prohibited from arguing AmGUARD obstructed the calculation of its lost profits claim.

**B. Any undisclosed evidence supporting Plaintiff's alleged lost profits claim and any undisclosed evidence of post-Hurricane Laura repairs, including final invoices, proof of payment, and photographs of completed work**

AmGUARD claims the Plaintiff did not produce in response to the Court's March 30, 2023 Order any documents relating to repairs, *i.e.*, final invoices, proof of payment, and photographs. *Id.* at 10. Thus, AmGUARD asks the Court to prohibit Plaintiff from introducing the following undisclosed evidence trial: final invoices, proof of payment, and photographs of completed work. *Id.* Plaintiff argues that this request is premature, that it may introduce undisclosed evidence under Rules 402, 403, and 608 and all existing

documentation available to Plaintiff has been disclosed where requested. Doc. 59, p. 13–16. Because Plaintiff claims it has disclosed all documents that the Court ordered it to produce in the March 30, 2023 Order pertaining to post-Hurricane Laura repairs, including final invoices, proof of payment, and photographs of completed work, any undisclosed evidence of such is therefore excluded from trial. This part of the motion is granted.

### C. Any references to or evidence concerning estimates for the cost of completed repairs

AmGUARD argues that Louisiana law does not accept estimates as evidence when repairs are complete. Doc. 52-1, p. 10–11. Therefore, because Plaintiff has replaced the property's roof, canopy, gutters, ceiling tiles, and fence, AmGUARD argues that Plaintiff should therefore be precluded from introducing expert testimony, evidence, or argument based on any estimates of the foregoing items. *Id.* at 11. Plaintiff counters that it must introduce all estimates to demonstrate the damages in existence at the time of each inspection to fully present its bad faith claim to the jury. Doc. 59, p. 17. Louisiana jurisprudence, however, supports the Court's ruling that to the extent any of the items damaged have been repaired, estimates are improper evidence for that item's repair costs; consequently, Plaintiff's evidence is limited to the actual repair costs. *Cf. Foshee v. McGee*, 87 So. 2d 754, 756 (La. Ct. App. 2d Cir. 1956) ("The measure of damages for injury to personal property which has not been entirely destroyed is the difference between its value at the place immediately before and immediately after the injury, or, if such sum be less, the reasonable cost of repairs to restore the property to its previous condition."); *see also Louisiana Farm Bureau Cas. Ins. Co. v. Thetford Corp.*, No. CIV.A. 11-0684, 2013 WL

6190064, at *4 (W.D. La. Nov. 25, 2013) (refusing to accept the plaintiff's estimate as proper evidence of their actual repair costs). This part of the motion is granted.

### D. Any references to or evidence concerning increased insurance premiums or the insurance industry's claim handling in South Louisiana

Here, AmGUARD argues that the Court should preclude any testimony, argument, or documentary evidence related to Plaintiff's increased premiums or the industry's claim handling in the region. Doc. 52-1, p. 11–12. Plaintiff argues that it should be allowed the opportunity to present any increased premiums by AmGUARD as well as evidence of the insurance industry's claims handling in South Louisiana at trial with the proper foundation. Doc. 59, p. 17–19. The Court finds that evidence of increased premiums or insurance industry claims handling in South Louisiana is irrelevant to Plaintiff's claims in this lawsuit. This part of the motion is granted.

### E. Any testimony on the impact of Hurricane Laura by witnesses who lack personal knowledge, including Dharmishthaben R. Patel, Pravin Patel, and Andy Patel

AmGUARD claims that Dharmishthaben R. Patel, Pravin Patel, and Andy Patel, each testified that he lacked personal knowledge about Hurricane Laura's impact on Plaintiff's property. Doc. 52-1, pp. 12–14. Plaintiff argues that these witnesses are competent, AmGUARD is taking the witnesses' answers in their depositions out of context, and these fact witnesses' testimonies may be properly objected to by AmGUARD at trial. The Court finds it premature to limit/exclude the testimony of these witnesses before trial and, therefore, defers this part of the motion to trial.

### F. Any suggestion or argument by Plaintiff's counsel that AmGUARD acted arbitrarily, capriciously, or without probable cause

AmGUARD claims that the insured is intentionally withholding critical information relevant to its claim and this withholding precludes a finding of arbitrarily, capriciously, or without probable cause under Plaintiff's Section 1982 claims. Doc. 52-1, p. 14–15. Plaintiff argues that this is just an attempt by AmGUARD to repackage its argument lodged in a previous motion for summary judgment, which the Court denied. Doc. 59, pp. 6–7. The Court maintains that the jury will determine whether the insurer's failure to timely tender a reasonable amount was arbitrary, capricious, or without probable cause. Thus, if AmGUARD has relevant evidence to counter Plaintiff's Section 1892 claims, it may present that at trial. This part of the motion is deferred to trial.

### III. CONCLUSION

For the aforesaid reasons,

**IT IS ORDERED** that Defendant's Motion in Limine (Doc. 52) be **GRANTED IN PART** and **DENIED IN PART** as stated in the above memorandum.

**THUS DONE AND SIGNED** in Chambers on this 15th day of May 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**